## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-2421-RPM-PAC

THE DAVIS WHITEHALL CO.,

Plaintiff,

v.

NEWMARK OF COLORADO, INC.,
YORK PRODUCTS, INC., and
CALIFORNIA NEWMARK CASKET, INC.
d/b/a YORK CASKET COMPANY,

Defendants.

---

## STIPULATED PROTECTIVE ORDER

During the course of the above captioned lawsuit ("Lawsuit" or "Action"), the parties or non-parties may be required to produce information that the person from whom the information is sought considers to be trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7). In order to expedite the flow of discovery material and facilitate prompt resolution of disputes over confidentiality, the parties have submitted this Stipulated Protective Order. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and by agreement of undersigned counsel, it is

**ORDERED** that:

1. ***Applicability of This Protective Order.*** All information, things, and documents filed with the Court or produced by any party or non-party in discovery in this Action shall be governed by this Protective Order.

2.    ***Use of Information Produced Pursuant to This Order.*** A party or non-party producing information and/or material in discovery in this Action may, in good faith, designate such information and/or material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order (hereafter referred to as "Confidential Material"). No party or non-party shall make information and/or material designated as "Confidential Material" available to any person or entity except as authorized under this Protective Order. Confidential Material shall be used by the party or parties to whom such information is produced solely for the purpose of litigating this Action. Such information shall not be used by or disclosed to any person or entity other than the receiving party for any use or purpose, unless such use or disclosure is authorized by this Protective Order, otherwise agreed upon in writing by the producing party, or ordered by a court. For the purposes of this Protective Order, the party or non-party designating information or material as Confidential Material is referred to as the "Designating Party." Nothing contained in this Protective Order shall affect the right of a Designating Party to disclose or use its own Confidential Material for any purpose.

3.    ***Confidential Information Designation.*** A party or non-party may designate as "CONFIDENTIAL" any document, material, item, deposition testimony, or information that is filed with the Court or produced in discovery in this action, and is or contains confidential research, development, or commercial information of the Designating Party.

-2-

4.    *Attorneys' Eyes Only Designation.* A party or non-party may designate as "ATTORNEYS' EYES ONLY" any document, material, item, deposition testimony, or information that is filed with the Court or produced in discovery in this action and is, contains or relates to sensitive financial and technical information, including but not limited to, trends and projections, marketing strategy and associated information, and technical product information.

5.    *Designating and Marking Confidential Material.* Confidential Material shall be designated and marked as follows:

a.    A document is to be designated as Confidential Material by stamping or writing on it one of the following legends, or an equivalent thereof: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Whichever legend is used shall be placed on the first page of the document and on each page that the Designating Party claims to contain Confidential Material.

b.    Information or material produced in a magnetic medium (such as floppy diskette or tape) is to be designated as Confidential Material by marking or labeling the medium or medium container with one of the legends specified in subsection 5(a) above. If any person or entity who receives such a designated magnetic medium prints or otherwise transfers to another medium any of the information contained on the magnetic medium, any resulting document or other medium shall be marked by the person or entity producing such copy as Confidential Material in accordance with the marking on the medium or medium container.

c.    A physical exhibit is to be designated as Confidential Material by affixing to it a label with one of the legends specified in section 5(a) above.

d.    A discovery response is to be designated as Confidential Material by placing, on the first page of the set of responses and on each page that contains information that the Designating Party claims to be Confidential Material, one of the legends specified in subsection 5(a) above.

e.    In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection.  For the purposes of the inspection, all documents produced shall be considered as marked "ATTORNEYS EYES ONLY."  Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

f.    Portions or the entirety of a deposition transcript (including exhibits) are to be designated as Confidential Material (i) by making a statement to that effect on the record, during the deposition, or (ii) by sending to all other parties, the court reporter for the deposition, and all other persons known to the Designating Party to have received a copy of the deposition transcript, within fifteen (15) days after counsel for the Designating Party receives the deposition transcript, a letter or other written notice designating certain portions, or the entirety, of the transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The letter or other notice shall cite this Protective Order, identify the appropriate level of confidentiality, and identify

the pages and lines, and/or exhibits, to be designated as Confidential Material. Each copy of the transcript, and portions thereof, so designated shall be marked, by the person receiving the letter or other notice, with the legend specified in subparagraph 5(a) above indicating the level of confidentiality claimed by the Designating Party and shall be governed by the terms of this Protective Order.

If a deposition or portion thereof is designated on the record, during the deposition, as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the deposition shall continue in the absence of all persons to whom access to Confidential Material is not permitted under this Protective Order. Copies of the portion of the transcript containing Confidential Material may be provided only to persons permitted by the other provisions of this Protective Order to receive such Confidential Material.

Each deposition transcript shall be treated as containing in its entirety "ATTORNEYS' EYES ONLY" information during the fifteen (15) day period after receipt of the transcript by counsel for the Designating Party during which counsel for the Designating Party may identify "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information from the transcript.

6.    *Inadvertent Misdesignation.* A Designating Party that inadvertently fails to mark an item as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or marks an item with an incorrect designation of confidentiality at the time of the production shall have a reasonable amount of time after learning of the inadvertent failure or mistake to correct its failure or mistake. The correction shall be made in writing and shall be accompanied by substitute copies of each item, appropriately marked as Confidential

Material. Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked, or incorrectly marked, items and all copies thereof.

7.    *Disclosure of "Attorneys' Eyes Only" Materials.*    Information and material designated as "ATTORNEYS' EYES ONLY" may be disclosed only to the following persons, unless the Designating Party first otherwise agrees in writing or the Court first otherwise orders:

a    Counsel of record for the parties to this Lawsuit, including necessary secretarial, clerical, and litigation support or copy service personnel assisting such counsel;

b.    Outside consultants or expert witnesses performing services in connection with the prosecution or defense of this Lawsuit together with their clerical or support personnel, provided that (1) the party for whom the consultant or expert has been retained discloses the identity of the consultant or expert to the other parties seven (7) days before disclosing Confidential Material to the expert or consultant, so an opposing party may object to the disclosure of Confidential Material to the consultant or expert; and (2) each consultant or expert executes a copy of the Consent attached to this Protective Order before receiving any Confidential Material. An opposing party may object in writing to the other party's consultant or expert only if the consultant or expert is an employee of a competitor of the objecting party. If such objection is made, the consultant or expert shall not be provided with "ATTORNEYS' EYES ONLY" material unless and until the party wishing to disclose the "ATTORNEYS' EYES ONLY"

material to the consultant or expert moves for and obtains appropriate relief from the Court;

       c.     The Court, Court personnel and court reporters;

       d.     Deposition witnesses, where at least one of the following conditions applies:

       i.     the witness is an employee of the Designating Party when the disclosure is made;

       ii.     the attorney taking the deposition and showing the witness the "ATTORNEYS' EYES ONLY" material represents the Designating Party;

       iii.     the witness's name appears on the "ATTORNEYS' EYES ONLY" material as a person who has previously seen or received the "ATTORNEYS' EYES ONLY" material;

       iv.     the Designating Party has consented on the record of the deposition to the showing of the "ATTORNEYS' EYES ONLY" material to the witness;

       v.     before disclosing any "ATTORNEYS' EYES ONLY" material to a witness at a deposition, the party wishing to show the witness the "ATTORNEYS' EYES ONLY" material notifies the Designating Party, preferably in writing, of its intent to do so, with a specific designation of the "ATTORNEYS' EYES ONLY" material to be shown, and the Designating Party does not object to this use of "ATTORNEYS' EYES ONLY" material. If a timely objection is provided, the objected to "ATTORNEYS' EYES ONLY" material shall not be shown to the witness unless and

until the party wishing to show that "ATTORNEYS' EYES ONLY" material to the witness moves for and obtains appropriate relief from the Court;

vi.    at a deposition, if a document becomes material or relevant to the examination of the witness, the parties shall in good faith attempt to resolve any issues related to the disclosure of "ATTORNEY'S EYES ONLY" materials to the witness including having the witness sign the Consent to be bound by this Protective Order and the removal from the deposition room of any persons not allowed to see "ATTORNEY'S EYES ONLY" materials. If the parties are unable to resolve their differences, they shall attempt to resolve the issue by telephonic conference before the Magistrate Judge. If these efforts at resolution are unsuccessful, the witness shall not be shown the materials and the party seeking disclosure shall bring the matter on for hearing before the Magistrate Judge; or

vii.    the witness is otherwise authorized hereunder to receive the disclosed "ATTORNEYS' EYES ONLY" material.

8.    ***Disclosure of Confidential Materials.***    Materials designated as "CONFIDENTIAL" may be revealed to the persons designated in section 7 above, as well as in the case of plaintiff, Terry School, being the President of The Davis Whitehall Co. In the case of defendants, William J. Eaton, being the President of each of the defendants named in this Lawsuit, and David Eaton, being manager of the defendant York Products, Inc.

9.    ***Use of Confidential Material by Designating Party.***    Nothing in this Protective Order limits a party's ability to show materials which that party has

designated as "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" to whomever the Designating Party may deem appropriate. Further, nothing in this Protective Order limits a party's ability to show materials designated by another party as "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" to representatives of that Designating Party, including any past or present officer, director, employee, or representative thereof.

10.     *Jurisdiction.* Each person receiving Confidential Material under the terms of this Protective Order and executing a copy of the Consent hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

11.     *Protecting Confidential Materials.* Each person who receives any Confidential Material shall exercise due and proper care, in connection with the storage, custody, use, and dissemination of such material, to avoid any intentional or inadvertent use by or disclosure to persons to whom disclosure is not permitted under this Protective Order.

12.     *Challenging Designation of Materials as Confidential.* A party may challenge the designation of Confidential Material only as follows:

a.     If a party believes that material designated by another party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" has not been properly designated or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Protective Order, that party (defined as the "Challenging Party" for purposes of this section) shall provide to the Designating

Party written notice of this disagreement. The parties shall then attempt in good faith to resolve such dispute informally.

b.      If the parties cannot resolve their dispute informally, the Challenging Party may request appropriate relief from the Court. The Designating Party bears the burden to establish that the contested material is entitled to the level of confidentiality attributed to it by the Designating Party. The material involved shall be treated according to its original designation during the pendency of the challenge.

13.     ***Submitting Confidential Materials to the Court.*** Any party that seeks to file Confidential Material with the Court, or file any pleading, brief, or paper which discloses Confidential Material, shall fully comply with the provisions of D.C.Colo. LCivR 7.2 and 7.3 in making such filing and shall notify other parties of the intent to make any such filing.

14.     ***Conclusion of Litigation.*** All provisions of this Protective Order restricting the communication or use of Confidential Material shall continue to be binding after the conclusion of this action, unless otherwise agreed in writing by all the parties or ordered by the Court. Upon conclusion of this Lawsuit, including the running of any time to appeal or to move for relief under Fed. R. Civ. P, 60(b)(1)-(3), a party in possession of Confidential Material, other than that which is contained in attorney notes, pleadings, correspondence, and deposition transcripts, shall either (a) return such documents, no later than 30 days after conclusion of this action, to counsel for the party or non-party who provided such information, or, (b) upon consent of the Designating

Party, destroy the documents within that time period and certify in writing within that time period that the documents have been destroyed.

15. *Use of Confidential Material During Court Proceedings.*   If any Confidential Material is used in any pretrial proceeding in this litigation (including, but not limited to, conferences, oral arguments, and hearings), the Confidential Material shall not lose its status as Confidential Material through such use. The parties shall take all steps reasonably necessary to protect the confidentiality of the Confidential Material during any such use, including, but not limited to, requesting in camera or closed proceedings provided that the parties fully comply with the provisions of D.C. Colo. LCivR 7.2 and 7.3.

16. *Improper Disclosure of Confidential Materials.*   If any Confidential Material is disclosed to any person to whom such disclosure is not authorized by this Protective Order, or other than in a manner authorized by this Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the Designating Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure (including the name, address, telephone number, and employer of the person to whom the disclosure was made), shall immediately take all reasonable efforts to prevent further disclosure by each unauthorized person who received such information, and shall immediately require each unauthorized person to return all Confidential Material that was improperly disclosed to that person, all copies made of the improperly disclosed

Confidential Material, and all documents containing excerpts from or references to the improperly disclosed Confidential Material..

17.   *No Admissions.* Compliance with this Protective Order in no way constitutes an admission by any party that any information designated pursuant to this Protective Order is or is not proprietary, confidential, or a trade secret.

18.   *Modification of Protective Order.* Each party reserves the right to request that the Court modify the terms of this Protective Order in the event that the party believes that a modification is necessary. If an application for modification of this Protective Order is made, all signatories of copies of the Consent, as well as persons described herein, shall remain bound by this Protective Order unless and until it is modified by the Court.

DATED: ~~July~~ August 2 ___, 2005.

BY THE COURT:

Richard P. Matsch, Senior District Judge

-12-

**STIPULATED TO AND APPROVED:**

ALLEN & VELLONE, P.C.                    HANES & SCHUTZ, P.C.


_____/s/ Patrick J. Russell_____         _____/s/ Richard W. Hanes_____
Patrick J. Russell                       Richard W. Hanes
1600 Stout Street, Suite 1100            102 So. Tejon Street, Suite 800
Denver, CO 80202                         Colorado Springs, CO 80903
Telephone: (303) 534-4499                Telephone: (719) 260-7900
FAX: (303) 893-8332                      FAX: (719) 260-7904

E-mail: prussell@allen-vellone.com       E-mail: rvh@hanesschutz.com

**ATTORNEYS FOR DEFENDANTS**              **ATTORNEYS FOR PLAINTIFF**
**YORK PRODUCTS, INC., NEWMARK**          **THE DAVIS WHITEHALL CO.**
**OF COLORADO, INC. and CALIFORNIA**
**NEWMARK CASKET, INC.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 04-cv-2421-RPM-PAC

THE DAVIS WHITEHALL CO.,

Plaintiff,

v.

NEWMARK OF COLORADO, INC.,
YORK PRODUCTS, INC., and
CALIFORNIA NEWMARK CASKET, INC.
d/b/a YORK CASKET COMPANY,

Defendants.

---

## CONSENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____, declare:

1.     My address is _____. My present

occupation or job description is _____. My employer is ___

_____ whose address is _____

_____.

2.     I have received a copy of the Stipulated Protective Order in this case. I

have carefully read and understand the provisions of the Stipulated Protective Order.

3.     I will comply with all of the provisions of the Stipulated Protective Order.

I will hold in confidence, will not disclose to anyone other than those persons

specifically authorized by the Stipulated Protective Order, and will not copy or use

except for purposes of this action, any Confidential Material which I receive in this

action.

4.     I understand that any unauthorized use or disclosure of the Confidential

Material I receive constitutes a violation of this Stipulated Protective Order which may

be redressed by appropriate remedy, including, but not limited to contempt of court and

other potential sanctions. I submit to the jurisdiction of this Court for purposes of

enforcement of the Stipulated Protective Order

5.     I declare under the penalty of perjury under the laws of the United States

of America that the foregoing is true and correct.

EXECUTED on this _____ day of _____, 2005, at _____.


_____